Case Nos. 13-15263, 13-15267

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

JOHN DOE, *et al.*,

PLAINTIFFS-APPELLEES,

v.

DAPHNE PHUNG, *et al.*,

INTERVENORS-APPELLANTS,

and

KAMALA D. HARRIS, Attorney General of the State of California,

DEFENDANT-APPELLANT.

_____

On Appeal from the United States District Court
for the Northern District of California
No. 3:12-cv-05713-THE
The Honorable Thelton E. Henderson, Judge
_____

**Plaintiff-Appellees' Opposition to Intervenors' Request for Judicial Notice**
_____

Michael T. Risher (SBN 191627)
mrisher@aclunc.org
Linda Lye (SBN 215584)
llye@aclunc.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Hanni Fakhoury (SBN 252629)
hanni@eff.org
Lee Tien (SBN 148216)
tien@eff.org
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Counsel for Plaintiffs-Appellees JOHN DOE, et al.*

Intervenors' request that this Court judicially notice a checklist prepared by Fox Valley Technical College violates the fundamental requirement that courts may judicially notice only specific, relevant facts that are indisputably true. The mere fact that Intervenors located this document on a government website does not mean that its contents satisfy this standard, much less that this Court should exercise its discretion to take judicial notice of facts presented for the first time in a reply brief.

This Court "rarely take[s] judicial notice of facts presented for the first time on appeal." *United States v. Castillo-Marin*, 684 F.3d 914, 925 (9th Cir. 2012) (citation omitted). Requests for judicial notice submitted with an appellate reply brief are particularly disfavored. *See West Coast Life Ins. Co. v. Hoar*, 558 F.3d 1151, 1156 (10th Cir. 2009). Even when an appellate court exercises its discretion to consider such an untimely request, *see id.*, the Rules of Evidence only authorize judicial notice of "fact[s] not subject to reasonable dispute because [they are] generally known within the trial court's territorial jurisdiction[] or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (numbering omitted). Thus, although a court may judicially notice the *existence* of a document on a government website, it "cannot take judicial notice of a fact that is subject to reasonable dispute simply

1

because it is contained within the public record." *In re Easysaver Rewards Litigation*, 737 F.Supp.2d 1159, 1166 (S.D.Cal. 2010) (citation omitted); *see id.* at 1171; *see also Castillo-Marin*, 684 F.3d at 926-27; Kenneth W. Graham, Jr., 21B Fed. Prac. & Proc. Evid. § 5104 at nn. 41 *et seq.* (2d ed. 2013 update).

Because Rule 201 authorizes judicial notice of "facts," not of documents or reports, a party requesting judicial notice should specify the precise facts to be noticed, rather than requesting notice of entire documents. *See* 21B Fed. Prac. & Proc. Evid. § 5104 at nn 15-20. All such facts must be relevant. *See Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (the "request for judicial notice is denied, as the materials contained therein are not relevant…"); *Meador v. Pleasant Valley State Prison*, 312 Fed.Appx. 954, 956 (9th Cir. 2009) ("judicial notice is inappropriate where the facts to be noticed are irrelevant").

Here, Intervenors present for judicial notice a checklist that was "prepared by Fox Valley Technical College" and represents only the opinions of the unidentified authors, not the "positions or policies" of any government body. EMC Doc. 25 at 7. There is no indication that any of the information it contains is supported by any evidence or research, much less that its contents are beyond reasonable dispute. Rather than asking this Court to take notice of specific, relevant, facts, Intervenors request notice of the checklist in its entirety. And they nowhere explain why they present this information for the first time in their reply brief on appeal, rather than

2

as part of an expert declaration in the court below.  The Court should deny the motion.


DATED: May 30, 2013				Respectfully submitted,

						By:   /s/ Michael T. Risher
							Michael T. Risher
							Linda Lye
							AMERICAN CIVIL LIBERTIES
							UNION FOUNDATION OF
							NORTHERN CALIFORNIA, INC.
							39 Drumm Street
							San Francisco, CA 94111

							Hanni Fakhoury
							Lee Tien
							ELECTRONIC FRONTIER
							FOUNDATION
							815 Eddy Street
							San Francisco, CA 94109

							*Counsel for Plaintiffs-Appellees*
							*JOHN DOE, et al.*

3

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 30, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: May 30, 2013     Respectfully submitted,

By:  /s/ Michael T. Risher
       Michael T. Risher
       Linda Lye
       AMERICAN CIVIL LIBERTIES
       UNION FOUNDATION OF
       NORTHERN CALIFORNIA, INC.
       39 Drumm Street
       San Francisco, CA 94111

       Hanni Fakhoury
       Lee Tien
       ELECTRONIC FRONTIER
       FOUNDATION
       815 Eddy Street
       San Francisco, CA 94109

       *Counsel for Plaintiffs-Appellees*
       *JOHN DOE, et al.*